PULLMAN *v.* JOHNSON *et al.*

*(Supreme Court, General Term, Fourth Department. February, 1890.)*

SPECIFIC PERFORMANCE—CONTRACT—PARENT AND CHILD.

Mere declarations by a father of an intention to give his daughter certain land, never effectuated by a conveyance, and not resting on a valuable consideration, are insufficient to create an enforceable obligation in her favor.

Appeal from special term, Oneida county.

An action for partition of real estate situated in the county of Wyoming, consisting of 200 acres of land. It appears that Azel Carpenter, in his lifetime, purchased the land in question, situated in Wyoming county, and took deeds therefor, which were recorded. The appellant is a daughter of Carpenter, and the wife of William B. Johnson. Carpenter, during a large portion of his life, resided in the town of Norway, Herkimer county. He removed to Otsego county, where he resided at the time of his death. He left a last will, which was probated in Otsego county, and in the sixth clause of his will he devised as follows: "All the rest and residue of his estate, if any, to his children, to be equally divided between them." This action was brought to partition the real estate among the devisees of Carpenter, and Caroline Johnson appeared, and put in an answer claiming title to the Wyoming county lands.

She claimed the same by way of gift from her father, and also set up an adverse possession of the same. Caroline Johnson appeals.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*Giles S. Piper*, for appellant. *George W. Smith* and *C. J. Palmer*, for respondent.

HARDIN, P. J. **1.** Appellant's possession of the premises was permissive, and not hostile to the title of Carpenter, her father. All the evidence in the case tends to show that she entered into possession with his permission, recognizing his title and ownership of the property. There is no evidence which would warrant a finding of adverse possession, and, so far as her defense rests upon adverse possession, it is wholly unsustained by evidence.

**2.** Appellant never paid any purchase money to her father for the premises, nor does the evidence disclose any valuable consideration moving from her to her father for the premises, nor that any valuable consideration was ever agreed upon between her and her father for the same. The evidence does disclose many loose declarations of an intention on the part of the father to give her the premises in question. That intention was never effectuated by a conveyance, and, whatever promises he may have made in respect to giving her the premises, none of them rested upon a valuable consideration. Equity will not enforce an executory agreement resting simply upon meritorious considerations between parent and child. In Story's Equity Jurisprudence (volume 2, § 793*b*) it is said, viz.: "The general rule seems now established that the court will not execute a voluntary contract, but will withhold assistance from a volunteer, whether he seeks to have the benefit of a contract, or a covenant, or a settlement." In *Duvoll* v. *Wilson*, 9 Barb. 487, it was held, viz.: "Although natural love and affection, between near relatives, is a sufficient consideration to support a deed, or an executed contract, yet it will not render obligatory a mere covenant or promise or executory agreement." That case was approved in *Whitaker* v. *Whitaker*, 52 N. Y. 373, and in referring to that case PECKHAM, J., says: "The cases are reviewed, and the conclusion arrived at that a meritorious consideration, or the duty to provide for a wife or child, is not sufficient to support an executory covenant. There is no decision at war with this in this state." We think the evidence of the father's declarations of his intention to give the property to the daughter are insufficient "to create an enforceable obligation" in her favor. "The intention of the father rested in intention merely, because no effectual act was done in execution of it." *In re Wilbur* v. *Warren*, 104 N. Y. 199, 10 N. E. Rep. 263. We are satisfied with the views expressed in the opinion of VANN, J., at special term, and we find no force in the exceptions taken upon the trial. We think the judgment should be sustained. Judgment affirmed, with costs. All concur.